373 P.2d 577

Marie HANER, Plaintiff and Appellant,

v.

George A. HANER, Defendant and Respondent.

No. 9616.

Supreme Court of Utah.

Aug. 3, 1962.

**300**

Horace J. Knowlton, Salt Lake City, for plaintiff-appellant.

Barclay & Barclay, Salt Lake City, for defendant-respondent.

CROCKETT, Justice.

Plaintiff Marie Haner appeals from an order denying her motion to set aside or modify a divorce decree which had been granted to defendant George A. Haner on his counterclaim.

On February 24, 1961, after a two-day trial at which the parties and numerous other witnesses testified, the court denied plaintiff a divorce but granted one to the defendant, dividing certain property, and requiring defendant to pay plaintiff $4,700 at the rate of $100.00 per month to pay for her interest in some property which could not be partitioned. Pursuant to a motion subsequently filed by the plaintiff the court amended the decree on April 27, 1961. Three months thereafter, on July 26, after the time for appeal had elapsed, through new counsel plaintiff filed this further motion and an affidavit in support thereof, seeking to set aside the decree, or to amend it to give her more favorable treatment as to property rights.

The motion is based on these grounds: that the defendant made false representations in procuring the judgment; and that there is a prospect of reconciliation of the parties.

It is sometimes said that when a judgment is attacked collaterally on the

ground that it was obtained by fraud or deceit it will be set aside only for extrinsic fraud. But we are in accord with the indications in the Restatement of Judgments that this is too limited.[1] It seems more realistic to say that when it appears that the processes of justice have been so completely thwarted or distorted as to persuade the court that in fairness and good conscience the judgment should not be permitted to stand, relief should be granted. However, inasmuch as the plaintiff here seems to be relying on the ground of fraud, there is a distinction which it is necessary to point out. In order to justify granting relief, the alleged wrong would have to be of the type characterized as extrinsic fraud: that is, fraud based on conduct or activities outside of the court proceedings themselves; and which is designed and has the effect of depriving the other party of the opportunity to present his claim or defense. This type of fraud, which is regarded as a fraud not only upon the opponent, but upon the court itself, can be accomplished in a number of ways, such as making false statements or representations to the other party or to witnesses to prevent them from contesting the issues; or by that means or otherwise preventing the attendance of the parties or witnesses; or by destroying or secreting evidence; so that a fair trial of the issues is effectively prevented.

It is obvious that quite a different situation exists where there is no prevention of the party from contesting the issues in a trial, and where the complaint is simply that one party presented perjured testimony or false evidence. This charge is simply a continuation of the same dispute which the trial was supposed to resolve. It is the purpose of the law to afford the parties full opportunity to have themselves and their witnesses present; and to present their evidence and their contentions to the court. When this has been done and the court has made its determination, that should end the matter, except for the right of appeal. It is so patent as to hardly justify comment that a judgment should not be set aside merely to grant the losing party another chance to accomplish the task at which he just failed: to prove that he was right and that the opponent was wrong. To reopen a case just because a party persists in asserting and attempting to prove that his version of the dispute was the truth and that of the opponent was false would open the door to a repetition of that procedure, whoever won the next time; and thus to keeping the dispute going ad infinitum with no way of determining when the merry-go-round of the law suit would end. This would involve not only a waste of time, energy and expense but also would result in such uncertainty as to people's rights that the

1. See Restatement of Judgments, Sec. 118 et seq.

very purpose of a law suit, the settling of disputes and putting them at rest, would be defeated. Resort to the courts would be frustrating and impracticable unless there were some point at which decisions became final so that parties could place reliance thereon, leave their troubles behind and proceed to the future. It is for these reasons that courts accord to judgments regularly entered a high degree of sanctity; and would overturn a judgment such as the instant one on the ground of fraud only if it were shown that the complaining party had been wrongfully deprived of the opportunity to meet and contest the issues at the trial.

The averments set out in plaintiff's affidavit are to the effect that the defendant has, since the trial, admitted that accusations made in his pleadings and at the trial concerning her associations with other men were not true; and that erroneous values were placed on some of their properties. Inasmuch as the parties and their witnesses were present and these issues were contested during the trial, if there were in fact misrepresentations and fraud, as plaintiff claims, they would have occurred within the trial itself (thus intrinsic to it) and therefore would not have been of the type of fraud characterized as extrinsic fraud, explained above. In view of the principles herein discussed, the trial court correctly ruled that plaintiff's charges would provide no basis upon which to set aside the judgment.[2]

A motion to vacate a divorce decree on the ground of reconciliation is appropriate during the interlocutory period if the parties both indicate that they have reconciled, or that they have a desire to do so. But such a motion is not properly addressed to the court where, as here, one of the parties unilaterally attempts to so proceed against the obvious opposition of the other. It is plainly apparent here that there has been no actual reconciliation, but the feud which existed between the parties prior to, and during the divorce trial continues. The purported reconciliation appears to be at best only a forlorn hope of one of the parties, or perhaps it is but another tactic in attempting to gain economic advantage. It certainly does not represent a realistic appraisal of the relationship between them. We see no reason to disagree with the trial court's denial of the motion. Affirmed. Costs to the defendant (respondent).

WADE, C. J., and McDONOUGH and CALLISTER, JJ., concur.

HENRIOD, J., concurs in the result.

2. See Rice v. Rice, 117 Utah 27, 212 P.2d 685.