376 P.2d 946

**Gene WHEADON and Deane Wheadon, his wife, Plaintiffs and Appellants,**

**v.**

**George B. PEARSON and Sarah K. Pearson, his wife, Defendants and Respondents.**

**No. 9696.**

Supreme Court of Utah.

Dec. 13, 1962.

Bean & Bean, Layton, for appellants.

Nielsen, Conder & Hansen, Salt Lake City, for respondents.

16. Ibid.

CALLISTER, Justice.

In a prior action plaintiffs sought to establish a right of way over the adjoining land of the defendants upon the theory of a prescriptive easement—that plaintiffs and their predecessors had adversely used the alleged right of way for a continuous period in excess of 20 years. Defendants' motion for summary judgment was granted at the pretrial hearing when it was determined that the claimed period of adverse use did not amount to 20 years because for a five year period the adjoining parcels of land had been under the common ownership of the plaintiffs.[1] A motion for a new trial was denied. No appeal was taken from this judgment.

Subsequently, plaintiffs filed the action now under consideration, alleging a right of way by way of an implied easement over the same strip of defendants' property— that the right of way was created by the division of a parcel of land into two contiguous parcels, a portion of one being used during the single ownership as a right of way for the benefit of the other.[2] The complaint was dismissed for the reason that the prior action was res judicata. Plaintiffs appeal from this ruling.

Both sides to this controversy cite and rely upon East Mill Creek Water Co. v. Salt Lake City.[3] In that case Mr. Justice Wade stated:

" * * * there are two kinds of cases where the doctrine of res judicata is applied: In the one the former action is an absolute bar to the maintenance of the second; it usually bars the successful party as well as the loser; it must be between the same parties or their privies; *it applies not only to points and issues which are actually raised and decided therein but also to such as could have been therein adjudicated,* but it only applies where the claim, demand or cause of action is the same in both cases. *In such case the courts hold that the parties should litigate their entire claim, demand and cause of action, and every part, issue and ground thereof,* and if one of the parties fails to raise any point or issue or to litigate any part of his claim, demand or cause of action and the matter goes to final judgment, such party may not again litigate that claim, demand or cause of action or any issue, point or part thereof which he could have but failed to litigate in the former action. On the other hand where the claim, demand or cause of action is different in the two cases then the former is res judicata of the latter only to the extent

---

1. 2 Thompson, Real Property, Sec. 348 (rev. repl.)

2. Thompson, Real Property, Sec. 351 (rev. repl.)

3. 108 Utah 315, 159 P.2d 863.

that the former actually raised and decided the same points and issues which are raised in the latter." (Emphasis added.)

We believe that the above-quoted statement supports the ruling of the lower court. Here, we have the same parties litigating the same subject matter—an asserted right of way over defendants' property. While plaintiffs endeavored to establish this right of way by prescriptive easement in the first action, the issue or theory of implied easement, now urged in this second action, could have been urged and adjudicated in the first action. This is particularly true under our Rules of Civil Procedure which expressly permits two or more statements of a claim.[4]

Policy would seem to indicate that when a plaintiff has once attempted to obtain his entire relief, based upon his entire claim, then the matter should be laid at rest. He should be denied a second attempt at substantially the same objective under a different guise.[5]

Affirmed. Costs to defendants.

WADE, C. J., and HENRIOD, McDONOUGH and CROCKETT, JJ., concur.

4. Rule 8(e), Utah Rules of Civil Procedure.

5. Cleary, Res Judicata Reexamined, 57 Yale L.J. 339, 346.