381 P.2d 210

Millie STILLINOVICH et al., Plaintiffs and Appellants,

v.

OTTILIA VILLA, INC., et al., Defendants and Respondents.

No. 9812.

Supreme Court of Utah.

May 14, 1963.

2. Van Cott v. Turner, 88 Utah 535, 56 P.2d 16.

---

Quentin L. R. Alston, Louis M. Haynie, Salt Lake City, for appellants.

Jensen, Jensen & Bradford, Salt Lake City, George S. Ballif, Provo, for respondents.

HENRIOD, Chief Justice.

Appeal from a summary judgment dismissing plaintiffs' complaint. Affirmed with costs to defendants.

A Las Vegas motel was acquired by defendant, Ottilia Villa, Inc., the plaintiffs receiving stock therein as an exchange for their equitable interest in the motel which was being purchased under an installment contract. Late in 1958 the corporation became hard-pressed to meet obligations on what apparently was a losing proposition. At a stockholders' meeting the directors were authorized to ask for a voluntary assessment, or contribution, of 30 cents per share, and a letter was directed to the shareholders to that effect, payable within 10 days, conditioned on a sale to be effected to pay off all existing obligations, if there was not sufficient response by stockholders. The response was negative, including plaintiffs'. Instead, two of the plaintiffs here, the Clingers, brought a class action to enjoin the sale. At a hearing on an order to show cause why the sale should not be enjoined, a stipulation was entered into, which, in effect, stayed the proposed sale for 2½ weeks, with the express provision that plaintiffs, or the corporation, could find a suitable buyer to do at least the same thing as proposed by the Board or better. The stipulation provided that failing all this, the complaint could be dismissed with prejudice, which was done, for lack of a suitable buyer within the prescribed time. Thereafter Ottilia Villa was sold to the Spanish Trail Motel corporation on assumption by the latter of the former's obligations. Two of the defendants here, Young and Weight, who had no previous connection with Ottilia, furnished the consideration and the incorporation of the Spanish Trail corporation, and paid the plaintiffs Stillinovich and Krznovich $4,250 as "Payment in full for $5,000, 8%, 10-year Debenture Bond issued by Ottilia Villa on September

1, 1957 and due on September 1, 1967, the obligation of which is assumed by Spanish Trail Motel; together with all other interest or claims of the undersigned in either of the above companies."

Nearly three years later the Clingers, Stillinovich and Krznovich sued Ottilia company, its officers, and Young and Weight, alleging misrepresentation, conspiracy and mismanagement, praying that the motel be restored or alternatively, for damages based on its market value.

Plaintiffs based their claims on an urgence that this was a class suit for the benefit of all shareholders similarily situated. Defendants made no objection to such contention, but agreed. They are bound by such concession, irrespective of others. There is some question as to whether it was or was not a class suit, but the trial court took the litigants' word for it, and so treated it, holding that the matters raised in the second suit were victims of res judicata in the first. Plaintiffs, however, countered with the assertion that the issues in the second suit, based on misrepresentation, mismanagement and conspiracy were not germane to the first cause of action. This may or may not be true. But the trial court, in its judgment, gave plaintiffs an opportunity to nurture gestation to fruition by adjudging that "plaintiffs may have leave to amend their complaint within 10 days *to claim damages by reason of misfeasance* of such of the defendants herein who are or were officers of Ottilia Villa, Inc., on condition "that $70.00 be paid to opposing counsel." This dispensation was unacceptable to plaintiffs, who chose to appeal. Had they chosen to make such payment, and had they amended their complaint, this case might still be at the trial level. We do not think the condition imposed by the trial court to have been unreasonable or arbitrary. Plaintiffs did not ask for damages naturally flowing from tortious acts, but for restoration of the motel, and failing which, for its fair market value. The measure of damages asked for obviously was not for those flowing from a tortious undertaking but for restitution of property or its value. The court's requirement seemed reasonably just, particularly in view of the fact plaintiffs were asking for $250,000 and $25,000 counsel fees.

It would appear further that the adjudication in Clingers' first class action pretty well precluded them from asserting something in the second suit that they could have asserted in the first.[1] No showing was made or pleaded that they could not have done so. As to Stillinovich and Krznovich, both had released, for a consideration, any and all claims against Ottilia and Spanish Trail and at the time of this lawsuit hardly could urge, as shareholders, in behalf of

---

1. Wheadon v. Pearson, 14 Utah 2d 45, 376 P.2d 946 (1962).

themselves and other shareholders, restoration of property or its value, for their benefit.

McDONOUGH, CALLISTER, CROCKETT and WADE, JJ., concur.