418 P.2d 979

Jerry SINE and Dora A. Sine, his wife,
Plaintiffs and Respondents,

v.

Henry C. HELLAND, Director of Highways,
et al., Defendants and Appellants.

No. 10540.

Supreme Court of Utah.

Oct. 21, 1966.

Phil L. Hansen, Atty. Gen., Gary H. Frank, Asst. Atty. Gen., Salt Lake City, for appellants.

Richard L. Bird, Jr., Salt Lake City, for respondents.

CALLISTER, Justice:

This is an interlocutory appeal from an order denying defendants' motion to dismiss plaintiffs' complaint, wherein the latter sought a writ of mandamus directing defendants to commence a condemnation proceeding to establish damages and to provide compensation for the taking of plaintiffs' property.

The motion to dismiss was on the grounds (1) that the defendants were being sued in their governmental capacity as Director of Highways, members of the State Road Commission, and the Attorney General, and as such were immune from suit, consent to be sued not having been given, and (2) that the matters pleaded in the complaint

had been fully litigated in State By and Through Road Commission v. Parker.[1]

In the Parker case the Sines alleged in a counterclaim damages to their motel property (which was not the property or any portion thereof being condemned) caused by the construction of an interstate highway and contended that such damage was compensable in that eminent domain proceeding.

This court stated that the fundamental question in the Parker case was whether the state was suable for consequential damage to property not sought for condemnation. The court held that such damage is not recoverable because of the state's immunity. In particular, the court observed that Fairclough v. Salt Lake County[2] was dispositive of the issue therein presented.

Plaintiffs contend that the instant action is not barred by the doctrine of res judicata because the relief sought is a writ of mandamus to compel a condemnation action.

In Springville Banking Co. v. Burton,[3] the plaintiff sought a writ of mandamus to compel members of the State Road Commission to initiate eminent domain proceedings to assess damages allegedly caused by impairment of ingress to and egress from plaintiff's property.

This court stated:

"* * * (1) Can plaintiff, employing the extraordinary writ of mandamus compel the state to pay damages when because of sovereign immunity, it could not have done so in a direct suit against the State or the Road Commission? and 2) Was the damage here compensable in any event?

"As to 1): We believe and hold that the procedure chosen by plaintiff was an effort indirectly to do that which repeatedly we have held could not be done directly, which is dispositive of this case on that ground.

"As to 2): * * * We espouse the notion that if the sovereign exercises its police power reasonably and for the good of all people, when constructing highways, consequential damages such as those alleged here, are not compensable. * * *"

From the foregoing, this court holds that plaintiffs, in the instant action, are attempting to relitigate the same matter already resolved in the prior Parker case.[4]

Reversed. No costs awarded.

HENRIOD, C. J., and McDONOUGH, CROCKETT and TUCKETT, JJ., concur.

1. 13 Utah 2d 65, 368 P.2d 585 (1962).
2. 10 Utah 2d 417, 354 P.2d 105 (1960).
3. 10 Utah 2d 100, 349 P.2d 157 (1960).

4. See Wheadon v. Pearson, 14 Utah 2d 45, 376 P.2d 946 (1962) for a complete statement of this court on the doctrine of res judicata.