471 P.2d 165

**TRANSAMERICA TITLE INSURANCE COMPANY, etc., Plaintiff and Respondent,**

v.

**UNITED RESOURCES, INC., etc., Defendant and Appellant.**

**No. 11921.**

Supreme Court of Utah.

June 29, 1970.

Dean R. Mitchell, Salt Lake City, for appellant.

Kent T. Yano, Salt Lake City, for respondent.

CROCKETT, Chief Justice.

Defendant United Resources appeals from a summary judgment which accorded full faith and credit to an Arizona judgment in favor of plaintiff, Transamerica Title Ins. Co. Defendant's contention is that the Arizona court did not have jurisdiction; and that because it so asserted in its answer, there was thus created an issue of material fact upon which it should be given an opportunity to present evidence, and that it was thus error to grant a summary judgment against it.

 There are some principles which should be recognized as underlying the problem here presented. The first is the obligation to give "full faith and credit" to the judgments of the court of a sister

**348**

state;[1] and to regard them as res judicata of the merits of the action.[2] However, this presupposes that jurisdiction existed in, and was acquired over the parties, by the court which rendered the judgment; and a regularity of procedure which constituted due process of law.[3] And these latter are matters which, if properly raised, may be asserted as defenses in an action on a foreign judgment.

■ Defendant's argument that the averment of no jurisdiction in its answer raises an issue of fact is grounded upon a misconception and an over-emphasis on one aspect of the problem. We do not disagree with the proposition that settlement of an issue of jurisdiction may involve determination of facts. But the ultimate ruling on an issue of jurisdiction is one of law as applied to facts as properly determined. The more fundamental concern in this case is whether the defendant has so raised an issue as to material facts upon which the question of jurisdiction would depend.

■ Summary judgments are governed by our Rule 56, U.R.C.P., which states in part (c):

* * * The judgment shought shall be rendered forthwith if the *pleadings, depositions, answers to interrogatories,* and *admissions* on file, together with the *affidavits,* if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. [Emphasis added.]

It is thus clear from this rule that when upon the basis of the pleadings, depositions, answers * * *, admissions and affidavits, which we herein refer to as "submissions," a party is entitled to judgment as a matter of law, the motion for summary judgment should be granted.[4] But if it appears from such "submissions" that there is a dispute as to any issue of fact which would be determinative of the rights of the parties, it should be denied and a trial should be had to resolve the disputed issues. The purpose of the discovery [5] and of the summary judgment procedures provided for in our rules is to furnish a method for searching out and facilitating the resolution of issues which are not in dispute, and of settling the rights of the parties without the time, trouble and expense of a

1. U.S.Constitution, Art. IV, Sec. 1.
2. Bigelow v. Old Dominion Copper Min. & Smelting Co., 225 U.S. 111, 134, 32 S.Ct. 641, 56 L.Ed. 1009 (1912); Magnolia Petroleum Co. v. Hunt, 320 U.S. 430, 64 S.Ct. 208, 88 L.Ed. 149 (1943).
3. Hanson v. Denckla, 357 U.S. 235, 255, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958); Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565 (1877); International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); McGee v. International Life Ins. Co., 355 U.S. 220, 78 S. Ct. 199, 2 L.Ed.2d 223 (1957); Conn v. Whitmore, 9 Utah 2d 250, 342 P.2d 871 (1959).
4. Dupler v. Yates, 10 Utah 2d 251, 351 P. 2d 624 (1960).
5. See Rules 31, 33 and 37, U.R.C.P.

trial. It is indispensable to the carrying out of that purpose that parties furnish essential information when it is requested in conformity with the rules of procedure.

The significant parts of the "submissions" concerning the issue of jurisdiction are:

*Defendant's Answer:*

3. As an affirmative allegation herein, defendant alleges that if any judgment was obtained in the State of Arizona and as pleaded herein, the same was void for the reason that there was not proper jurisdiction had of either of these defendants.

*Plaintiff's Request for Interrogatories:*

2. State the basis of the contention that the Arizona court had no jurisdiction over Defendant.

*Defendant's Objection to Interrogatory #2:*

1. Interrogatory #2 is a request for a legal opinion or the law of the case and it is not the subject of this discovery as far as *facts* in the case are concerned. [Emphasis added.]

 The important thing to be noted from the above is that, except for the general averment of no proper judisdiction, the defendant stated nothing whatsoever concerning any fact as a basis for that conclusion; and this in spite of specific Interrogatory No. 2 asking for such information.

This general statement of such a legal conclusion, coupled with what amounts to a failure and refusal to make any specification with respect to any issue of fact, amounts to nothing more than an attempt to challenge jurisdiction as a matter of law. The trial court was justified in so regarding it, and in ruling that it did not raise a question as to a material fact, and consequently, in granting the summary judgment.

Affirmed. Costs to plaintiff (respondent).

CALLISTER, TUCKETT, HENRIOD, and ELLETT, JJ., concur.