Alfred T. RICH and Shirley T. Rich,
Plaintiffs and Appellants,

v.

Robert B. McGOVERN and Sheila J. McGovern, Defendants and Respondents.

No. 14401.

Supreme Court of Utah.

July 8, 1976.

James R. Brown, of Jardine, Baldwin & Brown, Salt Lake City, for plaintiffs and appellants.

Samuel King, of King & Schumacher, W. Sterling Mason, Jr., Salt Lake City, for defendants and respondents.

CROCKETT, Justice:

Plaintiffs, Alfred T. and Shirley T. Rich, brought suit in fraud seeking rescission of their contract to purchase a water-softener business, Servicsoft of Salt Lake Inc., located at 1201 East and 2100 South in Salt Lake City. Defendants answered and counterclaimed for the purchase price. They also filed an affidavit setting forth their version of the facts, which was countered by the plaintiffs filing their depositions. Upon the basis of the submissions to the court, it granted defendants' motion for summary judgment against plaintiffs awarding them $148,999.01, plus interest, attorney's fees and costs.

Plaintiffs appeal, contending that the granting of the summary judgment was improper because there are disputed issues of material fact which if resolved in their favor would entitle them to prevail.[1]

The essential facts as they appear from the submissions are: that prior to the sale, defendants prepared and gave to plaintiffs a written history of the business, which included an inventory, a valuation of the business and its accounts and equipment. It recited that the company was debt free, that all of its accounts were regularly paid within ten to thirty days; that a substantial income-producing contract with Univac Corporation was in good standing and a valuable asset; and that defendants would "guarantee monthly gross sales . . . for a period of six months after purchase date, would be at least $8,500 per month."

Further assertions are: that the defendant refused to let them see the company's books until they had paid the $2,000 earnest money and signed the earnest money agreement.[2] Moreover, that after this occurred, but before plaintiffs had had reasonable opportunity to ascertain the facts concerning the business, defendants told them that there was another interested buyer "just a few dollars short with coming up with all of the money." All of which, plaintiffs assert, were calculated by the defendants and had the effect of deceiving them and inducing them to enter into a hurry-up transaction.

Plaintiffs' further averment is that shortly after they purchased and commenced operation of the business they discovered that all of the defendants' representations recited above were either entirely or in part false and that their contentions and their evidence would make out all of the essential elements of fraud to justify rescission of the contract and restoration of their investment.[3] Consequently, after the first three months, they ceased making payments and instituted this action.

The purpose of the motion for summary judgment is to provide a means

---

1. See Rule 56, U.R.C.P.

2. As to active concealment as part of fraud, see *Bezner v. Continental Dry Cleaners, Inc.*, 548 P.2d 898; 37 Am.Jur.2d, Fraud and Deceit, § 247.

3. For listing of such elements see *Stuck v. Delta Land & Water Co.*, 63 Utah 495, 227 P. 791; *Pace v. Parrish*, 122 Utah 141, 247 P.2d 273.

for searching out the undisputed facts as shown by the "submissions" to the court, i. e., the pleadings, depositions, admissions and answers to interrogatories and documents; and if on that basis the controversy can be settled as a matter of law, that will save the time, trouble and expense of a trial. However, inasmuch as the party moved against is being defeated without the privilege of a trial, the court should carefully scrutinize the "submissions" and contentions he makes thereon to see if his contentions and proposals as to proof of material facts, if resolved in his favor, would entitle him to prevail; and if it so appears, the motion for summary judgment should be denied and a trial should be had for the purpose of resolving the disputed issues of fact and determining the rights of the parties.[4] From the contentions made by the plaintiffs as hereinabove recited and the defendants' assertions to the contrary, it is apparent that there is such dispute as to material facts.

██ Defendants also contend that the plaintiffs raise in their brief in this court for the first time matters which were not presented to the district court, and hence should not be considered here. The principle is correct.[5] But its application here is not. Upon examination we find that, though the pleadings and submissions speak in generality, the critical matters recited above pertaining to the plaintiffs' claims of fraud were sufficiently set forth in the pleadings, affidavits and depositions.

Our conclusion is that it is necessary to remand this case for trial. It is so ordered. Costs to plaintiffs (appellants).

HENRIOD, C. J., and TUCKETT and MAUGHAN, JJ., concur.

ELLETT, J., concurs in the result.

---

4. See statement in *Transamerica Title Ins. Co. v. United Resources Inc.*, 24 Utah 2d 346, 471 P.2d 165.

5. *Hamilton v. Salt Lake County, etc.*, 15 Utah 2d 216, 390 P.2d 235.