Gerald M. BUTLER, Plaintiff
and Appellant,

v.

SPORTS HAVEN INTERNATIONAL,
Defendant and Respondent.

No. 14750.

Supreme Court of Utah.

April 13, 1977.

Lambertus Jansen, Murray, for plaintiff
and appellant.

John H. Snow and Elliott J. Williams, of
Worsley, Snow & Christensen, Salt Lake
City, for defendant and respondent.

CROCKETT, Justice:

Plaintiff, Gerald M. Butler, brought suit
against defendant, Sports Haven Interna-
tional, alleging that its negligence in opera-
tion of its swimming pool resulted in the
drowning of the plaintiff's three-year-old
son, Gerald M. Butler, Jr. Defendant de-
nied any negligence or any causation of the
drowning. From the granting of defend-
ant's motion for summary judgment, plain-
tiff appeals.

Defendant is a nonprofit corporation
which maintains recreational property and
facilities near Fairview, Utah. Members
join it by buying the property in acre par-
cels. They can develop their own land as
they desire, and are entitled to use the
recreational facilities, including the club-
house and the swimming pool. Plaintiff
became a member in 1970.

The swimming pool and dressing facilities
were enclosed with a chainlink fence and
were accessible only through a gate. Its
latch was broken so it would not shut and
hold properly. No lifeguard was on duty
and there was a sign posted that children
under 14 years of age should not use the
pool without being attended by an adult.

On July 18, 1973, plaintiff, his wife, their
five children and two guests were staying
in his trailer, which was parked about 100
yards from the swimming pool. That after-
noon, Mrs. Butler, the children and the
guests had all gone swimming. Mr. Butler
was occupied repairing the refrigerator in
the trailer. They all returned from the pool
and had dinner. At about 7:00 p. m., the
older daughters of the plaintiff, between
ten and fifteen years of age, returned to
the pool. The deceased, Gerald Jr., and his
sister Susie went to play in the swing area,
which is a short distance from the pool.
Plaintiff went back to repairing the refrig-
erator while his wife did the dinner dishes.
Around 7:15 Susie returned to the trailer
without Gerald Jr., who was going to stay
at the swings a while longer. Shortly

thereafter, as the older children were returning from the pool, plaintiff's wife yelled down to them, asking if Gerald Jr. was with them, to which they replied no. They then returned to the trailer.

When Gerald Jr. did not appear within a few minutes, the family became concerned and began searching for him. Plaintiff went to check the swimming pool, but says he could see nothing because of the murkiness of the water. After they looked everywhere else without finding him, they returned to the pool, with Mr. Wendell A. Davis, the then President of defendant. As they were looking at the water, they saw Gerald Jr.'s shirt rise to the surface. Plaintiff dove in and found the body of his son lying on the bottom. All efforts to revive him failed.

Based on the foregoing, plaintiff contends that there are disputed issues of material fact, i. e., as to the defendant's negligence and its causation of the drowning, which should have precluded the granting of the motion for a summary judgment.

The framers of our constitution recognized that access to the courts for the settlement of disputes is essential to a well ordered society. Art. I, Sec. 11 of our Constitution provides:

> *Courts open—Redress of injuries.* All courts shall be open, and every person, for any injury done to him in his person, property or reputation, shall have remedy by due course of law, which shall be administered without denial or unnecessary delay; . . . . .

We agree that the mere privilege of filing an action only to be summarily rejected and turned out of court may not seem to give much substance to that constitutional assurance to one who seeks an adjudication on

and redress for a wrong he claims to have suffered. Nevertheless, the party so accused (defendant) likewise has rights to be asserted and protected. Among these are the right to move for a summary judgment, which challenges the contentions of the adverse party (plaintiff), saying in effect: even if the facts are as you claim, they do not establish any legal basis for recovery.

When this is done, it is not to be questioned that, if upon analysis of the claims made, it appears to the court that even if they are true, the party would not be entitled to prevail, the summary judgment should be granted in order to save the time, trouble and expense of a trial which could only arrive at that same conclusion. However, inasmuch as the party moved against is being defeated without the privilege of a trial, the court should carefully examine the pleadings and other submissions,[1] and the contentions the party makes thereon, to see whether, if they were resolved in his favor, he would be entitled to recover; and if it so appears, the motion for summary judgment should not be granted against him.[2] Moreover, consistent with the constitutional purpose quoted above, if there is doubt or uncertainty as to the questions of negligence, proximate cause, or contributory negligence, such that reasonable minds might conclude differently thereon, the doubt should be resolved in favor of granting the party the privilege of attempting to prove his right to recover on a trial.[3]

The hazards inherent in an open swimming pool, particularly where small children are about, are among the class of facts so generally known that they cannot reasonably be the subject of dispute.[4] The existence of the chainlink fence attests to some awareness of such dangers reasonably to be anticipated and guarded against. We think

---

1. *Rich v. McGovern,* Utah, 551 P.2d 1266.

2. *Transamerica Title Ins. Co. v. United Resources, Inc.,* 24 Utah 2d 346, 471 P.2d 165; Rule 56, U.R.C.P.

3. See Wright & Miller, Federal Practice and Procedure, Vol. 10, Sec. 2711; and compare the case of *Newton v. Oregon Short Line R. R. Co.,* 43 Utah 219, 134 P. 567, wherein Justice Frick,

speaking for this court on the right to have issues of fact determined by a jury, stated that in case of doubt, the doubt itself indicates that there is a jury question.

4. As to taking judicial notice of facts relating to situations dangerous to children see 31A C.J.S. Evidence, § 79, note 4; and see also Rule 9, Utah Rules of Evidence.

the proposition is sound that reasonable minds may differ as to whether what the defendant did or failed to do in regard to surveillance of the pool and keeping a workable lock on the gate met the required standards of reasonable care under all of the circumstances; and whether any failure therein might reasonably be found to be the cause of the drowning.

Consistent with what has been said herein, it is our conclusion that there are disputed issues of fact which the plaintiff should be accorded the right to have determined by a jury, and that consequently the motion for summary judgment was improperly granted. It is therefore necessary that the case be remanded for trial. Costs to plaintiff (appellant).

ELLETT, C. J., and MAUGHAN, WILKINS and HALL, JJ., concur.