**Joseph L. KROFCHECK, Plaintiff and Appellant,**

v.

**DOWNEY STATE BANK, George D. Melling and Fabian & Clendenin, etc., Defendants and Respondents.**

No. 15488.

Supreme Court of Utah.

June 2, 1978.

Don K. Strong, Springville, for plaintiff and appellant.

Stephen B. Nebeker, Salt Lake City, for defendants and respondents.

CROCKETT, Justice:

Plaintiff Joseph Krofcheck seeks to have the judgment in *Downey State Bank v. Major Blakeney Corp.*[1] (herein referred to as the *Downey* case) declared invalid and not binding on him because of his contention that the affidavit for publication of summons was insufficient and the court did not acquire jurisdiction over him; and plaintiff claims alternatively that if he is not granted that relief, he should be awarded damages against attorney George D. Melling (and his firm Fabian & Clendenin, who represented Downey Bank in the prior suit), alleging that said attorney filed a false affidavit to obtain service of summons by publication. Upon the basis of the pleadings and submissions, the district court granted defendants' motions for summary judgment. Plaintiff appeals.

1. *Downey State Bank v. Major Blakeney Corp.,* Utah, 545 P.2d 507 (1976).

2. *Wheadon v. Pearson,* 14 Utah 2d 45, 376 P.2d 946 (1962).

Plaintiff's points on appeal can be combined into one main contention: that the issue of non-jurisdiction over him in the prior case, based on the claim of false affidavit, was not considered and adjudicated in that case and is therefore not res judicata in this one.

The doctrine of res judicata will bar a subsequent action if the following requirements are met: (1) the two cases must be between the same parties or their privies; (2) there must have been a final judgment on the merits of the prior case; and (3) the prior adjudication must have involved the same issue or an issue that could or should have been raised therein.[2] A reading of the opinion in the prior case will show that the tests just stated were met: particularly that there was an attack upon the sufficiency of the affidavit for publication of summons on the ground that it did not show diligence in the search to locate the defendant (plaintiff Krofcheck here), which contention the trial court rejected, and which ruling this Court affirmed.[3]

The plaintiff's attempt to assert a cause of action against the attorneys who handled the prior case for Downey is based upon his characterization of the affidavit of jurisdictional facts filed by Downey's attorney, George D. Melling, as false and fraudulent. He avers that it was on February 27, 1975, two days before the entry of the judgment, that he discovered the falsity of Mr. Melling's affidavit of jurisdictional facts; and that he presented his own affidavit so stating to the trial judge on March 1, 1975, the same date that the judge entered his decision in that case. As indicated above, plaintiff Krofcheck attempted to have the trial court, and this Court on appeal, consider and grant him relief from the default judgment, based on his claim that Mr. Melling's affidavit was false. It is upon that same allegation as to the falsity

3. 545 P.2d 507, at 509 (1976).

of that affidavit that he seeks recovery in this action against attorney Melling and his firm.

His assertion that Mr. Melling's affidavit was false consists mainly of the charge that the attorney obtained plaintiff's address, not from plaintiff's prior attorney, William Richards, as the affidavit states, but from someone in his office; and that he did not in fact exercise sufficient diligence in attempting to locate plaintiff. We are in agreement with the view adopted by the trial court that the plaintiff states no facts upon which to make out a cause of action against the defendant Melling, nor his firm. Particularly so, when considered in conjunction with what has been said above concerning the proposition that Mr. Melling's affidavit was subjected to attack and that issue was disposed of in the prior case.

Judgment affirmed. Costs to defendants (respondents).

ELLETT, C. J., and MAUGHAN, WILKINS and HALL, JJ., concur.