**COMMERCIAL SECURITY BANK, a Utah Corporation, Plaintiff and Respondent,**

v.

**CORPORATION NINE, a Utah Corporation, et al., Defendants and Appellant.**

**No. 15773.**

Supreme Court of Utah.

Sept. 18, 1979.

---

Donald C. Hughes, Jr., Ogden, for defendants and appellant.

Richard L. Stine, Ogden, for plaintiff and respondent.

STEWART, Justice:

This is an appeal from a judgment in favor of plaintiff, Commercial Security Bank ("Bank"), foreclosing a real estate mortgage on a mobile home development. The Bank purchased a note and mortgage from the surviving joint tenant of the original mortgagees and payees. The note, dated September 28, 1976, was payable in fifteen annual installments. Because of the failure of defendant Corporation Nine ("Corporation") to make the annual payments due in September, 1974, and thereafter, the Bank exercised its claimed right pursuant to a provision in the note to accelerate the payments. Suit was brought by the Bank in May, 1977, to foreclose the mortgage.

The Corporation counterclaimed, asserting that the Bank had refused to disburse the balance of the amount payable on a construction loan and that the Corporation had been damaged by the improper appropriation of confidential information by an officer, director, and stockholder of the Bank.

The trial court dismissed the counterclaim by a directed verdict at the close of evidence and entered a decree of foreclosure. The Corporation appeals this dismissal and also contends that the trial court erred in ordering foreclosure because of a claimed waiver of the note's acceleration provision by the Bank's assignor.

The Corporation acquired the property subject to the mortgage here in issue to be used for expansion of a mobile home park scheduled for construction on adjoining land. The Corporation obtained a $395,000 construction loan for the park from the Bank in 1973. The Corporation submitted with its loan application financial and economic feasibility information which it considered confidential. The Bank's directors had access to this information. One director and his associates subsequently constructed a park which was completed before the Corporation's. The Corporation defaulted on its construction loan payments.

In an earlier action the Bank had foreclosed on the original park site, and the Corporation asserted a counterclaim against the Bank, alleging that the Bank had wrongfully used or disclosed confidential information to expose the Corporation to unfair competition. The multiparty action in which the counterclaim was asserted was partially concluded by a judgment and decree of foreclosure, with no action taken as to the counterclaim.

■ The counterclaim the Corporation asserts in this case is essentially the same as the one asserted previously. The Bank contends that the claim is barred by the doctrine of res judicata. We reject this contention. The counterclaim was not litigated, nor was the earlier action concluded by a final judgment as to the parties and issues involved. See *International Resources v. Dunfield*, Utah, 599 P.2d 515, No. 16127 (Decided August 21, 1979); *Wheadon v. Pearson*, 14 Utah 2d 45, 376 P.2d 946 (1962); *East Mill Creek Water Co. v. Salt Lake City*, 108 Utah 315, 159 P.2d 863 (1945). There was therefore no bar to the Corporation's asserting its counterclaim in the present action.

■ In dismissing the counterclaim at the close of evidence, the trial court stated that the defendant Corporation had not shown damages resulting from the alleged wrongdoing of the Bank. Our review of

the record, even considering the testimony in a light most favorable to the Corporation, supports the finding of the trial court that there was insufficient evidence on the issue of damages to submit to the jury. Although there was testimony relating to the Corporation's monetary losses, the trial court was justified in ruling that the claimed damages did not follow from the allegations of the counterclaim.

With respect to the Bank's right to enforce the note's acceleration clause, the evidence shows that the Bank took an assignment of the note and mortgage on May 3, 1977. The note is dated September 28, 1972, and calls for annual installment payments due on the note's anniversary date for a fifteen-year period ending in 1987. The acceleration clause reads: "If default, holder may declare the entire unpaid balance immediately due and payable."

The Corporation made the 1973 payment some three months late. It did not make any subsequent payments when due or otherwise until this action was commenced on May 10, 1977. At that time the Corporation was in default as to three annual installments. During the period the Corporation was in default, it received from the mortgagees' attorney two letters, the first dated December 18, 1973, and the second dated January 7, 1975, complaining of the default and threatening "appropriate action" to protect the mortgagees' interests. The Corporation did not respond.

No other demand for payment was made prior to the Bank's filing its complaint in the instant case apparently because one of the original mortgagees, a Mr. Huggins, had died and the mortgage was the subject of protracted probate proceedings. John New, on behalf of the Corporation, testified that he had called Mrs. Huggins upon learning that the estate had finally been settled and asked if she wanted all the payments due her or if she would accept just the interest payments to the current time. He was informed that she had been paid by the Bank.

When the Bank filed the present action, the Corporation in its answer stated as a defense to foreclosure that it was "ready, willing and able to make all payments necessary to bring the Note and Mortgage current and hereby tenders the same." The claim made by the Corporation, and the issue to be addressed, is whether the acceleration clause in the note had been waived by the Bank's assignor.

■ At the outset it should be noted that the filing of a complaint for the unpaid balance of an installment note is a sufficient declaration by the payee for purposes of enforcing an acceleration clause of the kind under consideration, *Thomas v. Foulger*, 71 Utah 274, 264 P. 975 (1928), Annotation at 5 A.L.R.2d 981, § 7. A payee need not give warning of intent to sue as a prerequisite to such suit. Unless the Bank or its assignor had waived the acceleration right, the district court properly entered judgment for the entire unpaid balance.

■ Where waiver occurs, an obligee must thereafter be given reasonable notice that strict compliance will be required, and the obligor must be given an opportunity to bring the note current before the future installment payments may be accelerated, *Williamson v. Wanlass*, Utah, 545 P.2d 1145 (1976). In the present case, the Corporation received two demands for past-due installment payments. It ignored both. The so-called tender made in the answer to the complaint was insufficient to avoid a forfeiture. The record supports the trial court's refusal to find a waiver.

The judgment is affirmed. Costs to Respondent.

CROCKETT, C. J., and MAUGHAN, WILKINS and HALL, JJ., concur.