**William L. MASSEY, Plaintiff and Appellant,**

v.

**UTAH POWER & LIGHT, a Utah Corporation, Does I through X, Defendants and Respondents.**

No. 16262.

Supreme Court of Utah.

March 6, 1980.

Lowell V. Summerhays and Peter W. Guyon of Robinson, Guyon, Summerhays & Barnes, Salt Lake City, for plaintiff and appellant.

Stephen B. Nebeker and Paul S. Felt of Ray, Quinney & Nebeker, Salt Lake City, for defendants and respondents.

HALL, Justice:

Plaintiff appeals the summary judgment dismissal of his complaint which sought recovery for personal injury.

Plaintiff was employed by Graven Brothers Construction Company which was engaged in boring holes under the highway in Ferron, Utah, to accommodate sewer lines. On October 16, 1974, while so employed, plaintiff was assisting Lloyd Graven in loading an auger onto a truck upon which a telescopic boom was mounted which could extend from 20 to 45 feet. The boom of the truck came in contact with defendant's high voltage lines which passed overhead. The

power traveled down the boom and struck plaintiff, thereby causing him bodily injury.

Plaintiff filed this action on December 7, 1976, alleging negligence on the part of defendant in maintaining the uninsulated power lines at an unsafe height. Defendant's response thereto was the motion for summary judgment in question which was heard on December 21, 1978. Two affidavits were filed in support thereof, together with the depositions of plaintiff and Lloyd Graven. The affidavits asserted that the National Electric Safety Code required the power lines to have a vertical clearance of 18 feet, whereas an actual measurement of the lines revealed a clearance of 30 feet 10 inches. The depositions revealed that both plaintiff and Graven were aware of the proximity of the energized power lines. Of particular importance is the deposition of Graven which reveals that he observed the position of the lines and was fully aware of the necessity of avoiding contact with them; that no notice was given to defendant of the work being performed under the power lines; and that no request was made of defendant to de-energize the lines.

Plaintiff countered with two affidavits, the first of which asserted that the boom on the truck came in actual contact with the power line although it was extended no more than 24 feet from the ground. The second affidavit controverted the first in that it asserted that the boom did not actually contact the power line but, rather, that the electricity arced through the air to the boom. The second affidavit also asserted that "A measure of that point (where the wire was hanging) indicates that the wire was between 14 and 16 feet from the ground."

On the basis of the foregoing, the trial judge ruled, as a matter of law, that defendant was free of actionable negligence, apparently determining that the negligence of Graven Brothers (through Lloyd Graven) was the sole proximate cause of plaintiff's injuries.

Plaintiff contends on appeal that the record discloses disputed material facts which should have precluded judgment as a matter of law. Specifically, he asserts the following as unresolved issues of material fact: (1) the height of the power lines; (2) whether they were operating correctly and were adequately maintained; and (3) whether the acts of Graven Brothers constitute such negligence as would preclude recovery against defendant.

A motion for summary judgment[1] is an effective means of ascertaining the existence of undisputed facts that will support a judgment as a matter of law and thus avoid the necessity of trial.[2] Of course, summary judgment is appropriate only if the pleadings, depositions, affidavits, and other submissions of the parties reflect that there is no genuine issue of a material fact.[3] However, bare contentions, unsupported by any specification of facts in support thereof, raise no material questions of fact as will preclude the entry of summary judgment.[4]

Applying the foregoing principles to the instant case, we find plaintiff's contentions on appeal to be without merit.

It is to be noted initially that more than adequate time has been afforded for full discovery,[5] yet plaintiff has not been successful in producing any evidence whatsoever of negligence on the part of defendant, or that its actions in any way caused his injury. Plaintiff's naked assertions of negligence, unsupported by any facts whatsoever, that defendant failed to maintain its power lines "correctly" or "adequately,"

1. Governed by Rule 56, U.R.C.P.

2. *Rich v. McGovern*, Utah, 551 P.2d 1266 (1976).

3. *In re Williams' Estates*, 10 Utah 2d 83, 348 P.2d 683 (1960).

4. *Transamerica Title Ins. Co. v. United Resources, Inc.*, 24 Utah 2d 346, 471 P.2d 165 (1970).

5. From the date of injury until the motion for summary judgment was heard some four years had passed.

falls far short of raising a material issue of fact on the issue of negligence.[6]

■ Even if it be assumed that defendant was in some way negligent in maintaining its lines, it is apparent from the facts of record that such was not a proximate cause of the accident. If one negligently creates a condition and a subsequent actor observes that condition and negligently fails to avoid it, such subsequent negligence is viewed as an intervening cause which may well become the sole proximate cause of any injury.[7]

■ It is undisputed in the instant case that both plaintiff and defendant observed the proximity of the power lines and were aware of their potential danger. It is further undisputed that defendant was not apprised of the work to be performed under the lines; that no request was made that the lines be de-energized; and that Lloyd Graven failed to avoid contact with the lines.

In light of the facts and circumstances of this case, the trial court appropriately determined, as a matter of law, that the acts of plaintiff and Graven Brothers were the sole proximate cause of the accident.[8]

Affirmed. No costs awarded.

CROCKETT, C. J., and MAUGHAN, J., concur.

STEWART, J., concurs in result.

WILKINS, J., having disqualified himself does not participate herein.

---

6. Supra, footnote 4.

7. See *Hillyard v. Utah By-Products Co.*, 1 Utah 2d 143, 263 P.2d 287 (1953).

8. For cases of similar import see *Olsen v. Industrial Commission*, Utah, 538 P.2d 1038 (1975) and *Kimiko Toma v. Utah Power & Light Company*, 12 Utah 2d 278, 365 P.2d 788 (1961).