Michael W. McBRIDE, Plaintiff and Respondent,

v.

Terry Lynne JONES (formerly Terry Lynne McBride), Defendant and Appellant.

No. 16650.

Supreme Court of Utah.

July 15, 1980.

Joseph L. Henriod, Earl Jay Peck, Stephen L. Henriod of Nielsen, Henriod, Gottfredson & Peck, Salt Lake City, for defendant and appellant.

Raymond J. Etcheverry of Parsons, Behle & Latimer, Salt Lake City, for plaintiff and respondent.

CROCKETT, Chief Justice:

The defendant, Terry Lynne Jones, instituted supplementary proceedings in this divorce action to modify the decree. She alleges that her former husband, plaintiff Michael W. McBride, actively deceived her about the value of family property, referred to below. On the ground that the rights of the parties had been settled in the decree, the court granted the plaintiff's motion for summary dismissal. Defendant appeals.

A motion for summary dismissal can properly be granted only when even assuming the facts as asserted by the party moved against to be true, he could not prevail.[1] In circumstances where the granting of such a motion is justified, it serves the salutary purpose of eliminating the time, trouble and expense of a trial which would be to no avail anyway.[2] However, since the party moved against is denied the opportunity of presenting his evidence and his contentions, it is and should be the policy of the courts to act on such motions with great caution, to assure that a party whose cause might have merit is not deprived of the right to access to the courts for the enforcement of rights or the redress of wrongs.[3]

In defense of the summary order, the plaintiff asserts two propositions: first, that there is no factual basis for the defendant's claim of fraud, and second, that if any fraud existed, it was intrinsic fraud and not available as a ground for disturbing the decree.

---

1. See Rule 56(c) U.R.C.P.; and see *In Re Williams' Estates*, 10 Utah 2d 83, 348 P.2d 683.

2. *Rich v. McGovern*, Utah, 551 P.2d 1266. See also *Transamerica Title Ins. Co. v. United Resources, Inc.*, 24 Utah 2d 346, 471 P.2d 165.

3. Id. Also see Art. I, Sec. 11 of the Utah Constitution.

■ As to (1) above: Defendant's correct and sufficient rejoinder is that the averments of the parties are in diametric disagreement, wherefore summary dismissal could not properly be based on that ground, and that the issue would have to be resolved on the basis of the credibility of their respective evidence thereon. Accordingly, if summary disposition is justified, it would have to be on plaintiff's second ground.

We acknowledge awareness and appreciation of the cases cited and relied upon by the plaintiff to the effect that intrinsic fraud will not usually be grounds for setting aside a judgment.[4] The reasoning is to the effect that intrinsic fraud, that is, fraud which occurs during and within the proceedings, so that a party exercising reasonable diligence could meet and have an adjudication thereon, will not justify relief from a judgment.[5] Whereas, it is held that the only type of fraud which will justify granting relief from a judgment is extrinsic fraud, that is, the deception or misrepresentation was outside the proceedings and effectively prevented the party from meeting and having the issue determined.[6]

It is not to be doubted that, in appropriate circumstances, there may be merit to the just-stated distinction between intrinsic and extrinsic fraud, and the allowance of a belated collateral attack upon a judgment only for the latter. The principal reason for this is that there must be some end to litigation; and to serve that purpose, the findings and judgment on issues previously tried or triable should have respect and solidarity; and this includes all matters which could, with reasonable diligence, have been presented and resolved in the trial.[7] And for that reason a judgment should not be disturbed except for compelling reasons where the interests of justice so demand. The other side of that proposition is that the courts should not forsake the interests of justice; and when it appears that an egregious deception or oppression may have been practiced, it should neither be condoned nor rewarded. Particularly, that this should not be done by allowing one to seek refuge in niceties of legal terminology.

■ Consistent with that principle, though we remain committed to the desirability of respecting judgments and preserving their solidarity, we have heretofore recognized that it is more important to give consideration to the degree of the injustice that may have resulted than to terminology or labels as to the type of fraud alleged.[8] Accordingly, in a case such as this of inter-family feuding, where the contentions make it appear that there is a substantial likelihood that the proof may show that a party was so cheated, imposed upon, or unfairly dealt with that it should shock the conscience of the court to allow it to stand, the court should resolve doubts in favor of permitting the parties to present their evidence and have the issues determined.

In preface to refocusing attention on the controversy here in the light of what has just been said, we note that we do not presume to judge the credibility of evidence nor the outcome of the controversy. But on review of the summary dismissal, we as-

---

4. *Haner v. Haner*, 13 Utah 2d 299, 373 P.2d 577; *Clissold v. Clissold*, 30 Utah 2d 430, 519 P.2d 241; *Rice v. Rice*, 11 Utah 27, 212 P.2d 685.

5. Id.

6. *Clissold v. Clissold*, supra, note 4.

7. See *Wheadon v. Pearson*, 14 Utah 2d 45, 376 P.2d 946, and authorities therein cited.

8. *Haner v. Haner*, 13 Utah 2d at 300–1, 373 P.2d at 578. Approaching such a problem in a realistic way, this Court has heretofore recognized that to deny a party post-judgment relief on the basis of the intrinsic-extrinsic distinction may be too restrictive. In *Haner v. Haner*, we stated:

> It is sometimes said that when a judgment is attacked collaterally on the ground that it was obtained by fraud or deceit it will be set aside only for extrinsic fraud. But we are in accord with the Restatement of Judgments that this is too limited. [Restatement of Judgments, Sec. 118 et seq.] It seems more realistic to say that when it appears that the processes of justice have been so completely thwarted or distorted as to persuade the court that in fairness and good conscience the judgment should not be permitted to stand, relief should be granted.

sume the averments of the party ruled against to be true.

Sparing detail not essential to our purpose here, the generality of the defendant's allegations of fraud are: that at the time of the divorce proceedings the plaintiff represented to her that their 10 percent interest in a partnership known as Alpine Ltd. had become worthless in that its assets had been transferred to Land & Cattle Funding, Inc., owned by the plaintiff; whereas, Alpine Ltd. had had 5,000 acres of land near Alpine, Utah, which was sold the year after the divorce for 7.5 million dollars. From this defendant reasons that their 10 percent share thereof should have been about $750,-000 at the time of the divorce. Further, that the plaintiff was in an advantaged position having knowledge of those facts; that defendant had a right to and did reasonably rely on his representation, which prevented her from asserting her claim to her share of the Alpine Ltd. assets.

Plaintiff quite understandably points out and stresses an answer in defendant's testimony that she did not rely upon the representation by him about the value of Land & Cattle Funding, Inc.:

Q. The question is: At the time you decided not to take any stock in Land & Cattle Funding, did you rely on the statement that the corporation had a negative net worth?

A. No, I did not rely on that statement.

But she also testified:

Q. You don't know whether you relied on that statement or not?

A. I don't know what you're asking.

A. I don't know what I relied on. How can you take half of something that isn't even there any more?

■ The fact is that if her testimony is analyzed in its total context, it is also susceptible of being understood as indicating that because the plaintiff had represented that the property had no value, she did not

consider it nor representations concerning it in connection with the settlement.[9]

Plaintiff also argues that his representation as to the value of marital assets was a mere expression of opinion and as such is not a representation of fact which would be a basis for an action in fraud. It is true that in usual commercial transactions, statements as to value, subsequently found to be false, may be tolerated as expressions of opinion or puffery.[10] However, this case is different. In some husband-wife relationships, it would not be unreasonable to believe that the husband had superior knowledge of property which he was handling in the family's interest; and that the wife would be justified in reposing confidence in his knowledge and his representations concerning value. In situations relating to family welfare, the parties should be held to a higher than usual degree of responsibility in making full and fair disclosure of the facts of which each has special knowledge.

Upon the basis of what has been said herein, it is our conclusion that the trial court was not justified in granting the motion for summary dismissal, but should have allowed a trial upon the issues in dispute. The cause is remanded for that purpose. Any award of costs is to abide determination by the trial court.

MAUGHAN, WILKINS and STEWART, JJ., concur.

HALL, J., concurs in result.

---

9. That the testimony of a party, or a witness, need not be measured solely on one statement, but may be looked at in its entire context, see *DeVas v. Noble*, 13 Utah 2d 133, 369 P.2d 290.

10. *Christopher v. Larson Ford Sales*, Utah, 557 P.2d 1009.