**STATE of Utah, OFFICE OF RECOVERY SERVICES, Plaintiff and Appellant,**

v.

**V.G.P., Defendant and Appellee.**

**No. 910383-CA.**

Court of Appeals of Utah.

Dec. 31, 1992.

R. Paul Van Dam, Salt Lake City, and Karl G. Perry, Ogden, for plaintiff and appellant.

Ronald W. Perkins, Ogden, for defendant and appellee.

1. In his affidavit, defendant submitted himself to the jurisdiction of the court, acknowledged paternity, and consented to the entering of judgment pursuant to the terms of his affidavit.

2. Defendant testified at trial that he knew at the time he signed the affidavit acknowledging paternity that he was not the child's father.

Before GARFF, ORME and RUSSON, JJ.

## OPINION

GARFF, Judge:

The State of Utah, Office of Recovery Services (ORS), appeals the trial court's denial of its petition to modify. We reverse and remand.

The parties do not dispute the facts. On April 16, 1984, the mother gave birth to the child. Since the child's birth, the mother has received public assistance for the child. On May 14, 1984, defendant signed an affidavit acknowledging paternity and duty of support.[1] In the affidavit, defendant acknowledged that he fathered the child and agreed to pay eighty-five dollars a month child support. The court, pursuant to defendant's affidavit,[2] entered a judgment decreeing defendant to be the child's father and ordering him to pay child support of eighty-five dollars per month.

Six years later, on August 7, 1990, ORS petitioned to increase the child support order pursuant to the current uniform child support guidelines. The petition alleged that a substantial change of material circumstances had occurred since entry of the original order, namely, defendant's income had increased. Defendant responded to the petition by denying paternity.

At trial, over ORS's objections, the court admitted evidence on the issue of paternity. This evidence included the mother's testimony that she had not had intercourse with defendant during the time the child could have been conceived. She further testified that, while she knew defendant had not fathered her child, she accepted his offer to provide eighty-five dollars per month in support because the money would benefit her child and because the child's biological father wanted nothing to do with her or the child.[3]

3. Other than the self-serving testimony by defendant and the mother, who receives public assistance and who would not immediately benefit from an upward modification in child support, nothing in the record supports a conclusion that defendant is not the child's father.

After trial, the court concluded that defendant was not the child's "actual" father. Finding the circumstances of the case unique, the court concluded that the rule for changes in child support did not apply. The court further concluded that defendant should continue to pay the amount set forth in the original paternity decree and order.

On appeal, ORS claims the trial court erred in disregarding the 1984 order establishing defendant as the child's father. ORS argues that the doctrine of res judicata precludes the trial court from considering evidence supporting defendant's claim of nonpaternity. Defendant, on the other hand, contends that this court should affirm the trial court's conclusion of nonpaternity based on the equities of the case.

■ The trial court's conclusion that res judicata does not apply presents a question of law. We review such questions for correctness, according no particular deference to the trial court. *Grayson Roper Ltd. Partnership v. Finlinson*, 782 P.2d 467, 470 (Utah 1989); *Mountain Fuel Supply Co. v. Salt Lake City Corp.*, 752 P.2d 884, 887 (Utah 1988).

■ The doctrine of res judicata has two related branches: claim preclusion and issue preclusion. Each branch promotes the important judicial policy of preventing parties from relitigating a claim or issue. Claim preclusion, which applies to the instant case, bars relitigation of a claim between the same parties that was once litigated on the merits and that resulted in a final judgment. *Penrod v. Nu Creation Creme, Inc.*, 669 P.2d 873, 875 (Utah 1983); *Copper State Thrift and Loan v. Bruno*, 735 P.2d 387, 389 (Utah App.1987). Not only does claim preclusion prevent relitigation of a claim, it also prevents the litigation of claims that could and should have been litigated in the prior action, but were not. *Penrod*, 669 P.2d at 875; *Copper State*, 735 P.2d at 389.

■ "The doctrine of res judicata serves vital public interests beyond any individual judge's ad hoc determination of the equities in a particular case." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 401, 101 S.Ct. 2424, 2429, 69 L.Ed.2d 103 (1981). These vital public interests include (1) fostering reliance on prior adjudications; (2) preventing inconsistent decisions; (3) relieving parties of the cost and vexation of multiple lawsuits; and (4) conserving judicial resources. *Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 415, 66 L.Ed.2d 308 (1980). The "doctrine of res judicata is not a mere matter of practice or procedure inherited from a more technical time than ours. It is a rule of fundamental and substantial justice, 'of public policy and of private peace,' which should be cordially regarded and enforced by the courts...." *Hart Steel Co. v. Railroad Supply Co.*, 244 U.S. 294, 299, 37 S.Ct. 506, 508, 61 L.Ed. 1148 (1917); *accord Federated Dep't Stores*, 452 U.S. at 401, 101 S.Ct. at 2429.

■ In the instant case, claim preclusion bars defendant from claiming nonpaternity because the court had previously entered a decree of paternity. In the original proceeding, which involved the same parties, the court, pursuant to defendant's acknowledgment, entered an order decreeing defendant as the child's father. Thus, defendant's nonpaternity claim was litigated in that proceeding. The resulting judgment was final upon entry.[4] For purposes of res judicata, the judgment remains final because it was not reversed or modified on appeal or set aside by the rendering court. *See Copper State*, 735 P.2d at 390 (citing *Levy v. Cohen*, 19 Cal.3d 165, 137 Cal.Rptr. 162, 166, 561 P.2d 252, 256 (Cal.) (per curiam), *cert. denied*, 434 U.S. 833, 98 S.Ct. 119, 54 L.Ed.2d 94 (1977)).

■ The fact that the court based its original decree of paternity on a stipulation does not change our holding because claim preclusion applies to consent judgments. *See Nash County Bd. of Educ. v. Biltmore Co.*, 640 F.2d 484, 486–87 (4th Cir.), *cert. denied*, 454 U.S. 878, 102 S.Ct. 359, 70 L.Ed.2d 188, *reh'g denied*, 454 U.S. 1117, 102 S.Ct. 692, 70 L.Ed.2d 654 (1982); *Boatsman v. Boatsman*, 697 P.2d 516, 519

4. *See* Utah R.Civ.P. 54(a) and 58A(c).

(Okl.1984). *See generally* 18 Charles A. Wright et al., *Federal Practice and Procedure,* § 4443 (1981).

The policies advanced by the doctrine of res judicata have particular importance in this case because the child's right not to be bastardized far outweighs defendant's interest in asserting nonpaternity more than six years after having acknowledged paternity.[5] *See A v. X, Y, and Z,* 641 P.2d 1222, 1227 (Wyo.), *cert. denied,* 459 U.S. 1021, 103 S.Ct. 388, 74 L.Ed.2d 518 (1982). Because of the potentially damaging effects that relitigation of a paternity determination might have on a child, we rigorously observe the doctrine of res judicata. *See, e.g., In re Paternity of JRW,* 814 P.2d 1256, 1263–65 (Wyo.1991); *see also* 27 C.J.S. *Divorce* § 702 at 331 (1986) ("A determination of paternity in a child support order, particularly where the issue has been contested or could have been contested, generally, precludes subsequent denials of paternity.").

We conclude that res judicata precludes defendant from asserting nonpaternity as a defense to the petition for modification. The trial court therefore erred in admitting any evidence going to defendant's claim of nonpaternity. It also erred in denying the petition. Accordingly, we reverse and remand for a determination as to whether, consistent with this court's opinion, the child support order should be modified as originally requested by ORS.

RUSSON, J., concurs.

ORME, J., concurs in result only.

---

5. "If there ever is a situation where the rules of law, the interests of justice, and sound considerations of policy combine to require the application of the rules of res judicata, it should be especially so as to the adjudication on the parenthood of a child." *Roche v. Roche,* 596 P.2d 647, 649 (1979) (Crockett, J., concurring).