1999 UT App 232

AMERICAN ESTATE MANAGEMENT CORPORATION, a Utah corporation, Plaintiff and Appellant,

v.

INTERNATIONAL INVESTMENT AND DEVELOPMENT CORPORATION, a Utah corporation; and John Does I–X, Defendants and Appellees.

No. 980264–CA.

Court of Appeals of Utah.

July 29, 1999.

Ronald G. Russell, Parr Waddoups Brown Gee Loveless, Salt Lake City, for Appellant.

Merrill F. Nelson and David M. Wahlquist, Kirton & McConkie, Salt Lake City, for Appellees.

Before Judges BENCH, DAVIS, and ORME.

OPINION

ORME, Judge:

¶ 1  American Estate Management Corporation (AEM) appeals the trial court's grant of summary judgment in favor of International Investment and Development Corporation (IID), arguing the trial court incorrectly determined that AEM's adverse possession claim is barred by the claim preclusion branch of res judicata.[1]  AEM claims title by

---

1.  Although IID styled its motion as a motion to dismiss under Rule 12(b)(6) of the Utah Rules of Civil Procedure, it was properly treated as a motion for summary judgment by the trial court because IID supported its motion with sources outside the pleadings.  *See* Utah R. Civ. P. 12(b); *DOIT, Inc. v. Touche, Ross & Co.*, 926 P.2d 835, 838 n. 3 (Utah 1996).

adverse possession to a parcel of land used as a parking lot adjacent to the Highland Terrace Apartment Complex. AEM acquired the apartment complex by warranty deed from IID in 1982 and claims the description of the parking lot parcel was inadvertently omitted from the deed. We conclude that the trial court's ruling was correct, and we affirm its judgment.

## BACKGROUND

¶ 2 In 1982, business partners Po and Beatrice Chang and Tony and Sandra Lin agreed to disentangle some of their joint business enterprises and, to that end, executed a Separation Agreement. Prior to the separation, AEM and IID had been jointly owned by the Changs and the Lins. Pursuant to the agreement, the Changs became the exclusive owners of AEM and the Lins acquired exclusive ownership of IID.

¶ 3 The Separation Agreement further provided that AEM would receive IID's interest in the Highland Terrace Apartment Complex. IID executed a special warranty deed conveying the apartment complex parcel to AEM, but the adjacent parking lot parcel was not described in the deed. Allegedly unaware that the parking lot had not been deeded, AEM took possession of the complex and the parking lot parcel and began paying taxes on both. Later the same year, the parties executed a document entitled "Satisfaction of Debt," agreeing that all debts owed by IID to AEM were satisfied unless specifically identified in other documents.

¶ 4 Several years later, the parties' business relationship deteriorated, and, in 1990, AEM filed a complaint against the Lins, owners of IID, raising numerous allegations of wrongdoing. In 1995, AEM amended its complaint to name IID as a party and to add and amend claims. One of AEM's claims sought damages for breach of the 1982 Separation Agreement and another requested specific performance thereof. AEM alleged in its complaint that IID had breached the Separation Agreement when it failed to deed certain property to AEM. Answers to inter-

rogatories referred to the parking lot parcel as one of the properties AEM alleged should have been deeded. The trial court ultimately granted summary judgment in favor of the Lins and IID on all claims related to the Separation Agreement, ruling that the 1982 Satisfaction of Debt "specifically disposed of claims arising from the Separation Agreement."

¶ 5 In 1997, AEM instituted this second action against IID claiming ownership of the parking lot parcel by adverse possession. The trial court granted summary judgment to IID, concluding that AEM's adverse possession claim was precluded by the trial court's judgment in the earlier action.

## ISSUES AND STANDARD OF REVIEW

¶ 6 AEM argues on appeal that claim preclusion does not bar its adverse possession claim because (1) the breach of contract claim in the prior action arose out of a different, earlier transaction or occurrence than the adverse possession claim in the pending action and (2) the breach of contract action did not result in a final judgment on the merits.[2] We review the trial court's grant of summary judgment for correctness, determining whether the court correctly concluded that no genuine issue of material fact existed and whether the court correctly applied the governing law. See *Harline v. Barker*, 912 P.2d 433, 438 (Utah 1996).

## ANALYSIS

Claim preclusion bars a cause of action only if the suit in which that cause of action is being asserted and the prior suit satisfy three requirements. First, both cases must involve the same parties or their privies. Second, the claim that is alleged to be barred must have been presented in the first suit or must be one that could and should have been raised in the first action. Third, the first suit must have resulted in a final judgment on the merits. *Madsen v. Borthick*, 769 P.2d 245, 247 (Utah 1988). *Accord Estate of Covington v. Jo-*

2. Because our ruling on the claim preclusion issue is dispositive, we have no occasion to address the parties' alternative arguments concerning issue preclusion.

*sephson,* 888 P.2d 675, 677 (Utah Ct.App. 1994), *cert. denied,* 910 P.2d 425 (Utah 1995). If these three requirements are met, "the result in the prior action constitutes the full relief available to the parties on the same claim or cause of action." *Ringwood v. Foreign Auto Works, Inc.,* 786 P.2d 1350, 1357 (Utah Ct.App.), *cert. denied,* 795 P.2d 1138 (Utah 1990). Claim preclusion serves "vital public interests[,] includ[ing] (1) fostering reliance on prior adjudications; (2) preventing inconsistent decisions; (3) relieving parties of the cost and vexation of multiple lawsuits; and (4) conserving judicial resources." *Office of Recovery Servs. v. V.G.P.,* 845 P.2d 944, 946 (Utah Ct.App.1992).

¶ 7  AEM does not dispute that it brought both suits against the same parties, the Lins, and their privy, IID. Nevertheless, it argues its adverse possession claim is not barred because the second and third requirements of claim preclusion are not met. Specifically, AEM argues its adverse possession claim was not brought in the prior action, nor could or should it have been, and that the first action did not result in a final judgment on the merits.

### A. Adverse Possession Could and Should Have Been Raised

¶ 8  AEM's adverse possession claim is barred by the judgment in the prior action if both suits raised the same claim or cause of action, or if AEM could and should have raised its adverse possession claim in the prior action. *See Madsen,* 769 P.2d at 247. While AEM concedes that its entitlement to the parking lot parcel was at issue in both actions, it argues its prior claim to title based on the Separation Agreement did not raise the same claim or cause of action raised in the present action, i.e., to quiet title to the parking lot parcel on the ground of adverse possession. AEM asserts that the adverse possession claim did not arise out of the Separation Agreement, the transaction out of which the prior breach of contract claim arose, and that proof of the adverse possession claim requires presentation of different facts and evidence. Further, AEM argues its adverse possession claim was not one that could and should have been brought in the prior action because AEM was unaware

when it filed its complaint in the prior action that title to the parking lot parcel remained with IID and because AEM had no duty to amend its complaint to add the adverse possession claim.

¶ 9  The Utah Supreme Court has defined claim or cause of action as

"the aggregate of operative facts which give rise to a right enforceable in the courts." A claim is the "situation or state of facts which entitles a party to sustain an action and gives him the right to seek judicial interference in his behalf." A claim petitions the court to award a remedy for injury suffered by the plaintiff. A cause of action is necessarily comprised of specific elements which must be proven before relief is granted. A claim or cause of action is resolved by a judicial pronouncement providing or denying the requested remedy.

*Swainston v. Intermountain Health Care, Inc.,* 766 P.2d 1059, 1061 (Utah 1988) (citations omitted).

¶ 10  Defining the scope of a claim or cause of action is not an exact science and, in fact, is at times driven by the relative importance of the finality of judgment. *Compare In re J.J.T.,* 877 P.2d 161, 163–64 (Utah Ct.App.1994) ("[I]t cannot be persuasively argued that judicial economy or the convenience afforded by finality of legal controversies must override the concern for a child's welfare.") *with Office of Recovery Servs.,* 845 P.2d at 947 ("[P]olicies advanced by the doctrine of res judicata have particular importance in this case because the child's right not to be bastardized far outweighs defendant's interest in asserting nonpaternity more than six years after having acknowledged paternity."). When, as in this case, title to real property is at issue, the need for finality is at its apex. *See Farrell v. Brown,* 111 Idaho 1027, 729 P.2d 1090, 1093 (Ct.App.1986); 18 Charles Alan Wright, et al., *Federal Practice and Procedure* § 4408, at 65 (1981).

¶ 11  Contrary to AEM's characterization, both its prior and present actions assert one claim—a claim of title to the parking lot parcel—albeit under two different legal theo-

ries. Other jurisdictions have so ruled, and have held subsequent suits barred. *See, e.g., Blance v. Alley*, 697 A.2d 828, 830–31 (Me. 1997) (holding claim of adverse possession barred by judgments in two prior actions to establish title to same property via other legal theories); *Hyman v. Hillelson*, 79 A.D.2d 725, 434 N.Y.S.2d 742, 745 (N.Y.App. Div.1980) (ruling subsequent adverse possession action and prior suit for reformation of deed not separate and distinct where both involved dispute over conveyance of adjoining lots), *aff'd*, 55 N.Y.2d 624, 446 N.Y.S.2d 251, 430 N.E.2d 1304 (1981); *Myers v. Thomas*, No. 01A01–9111–CH–00412, 1992 WL 56993, at *4, 1992 Tenn.App. LEXIS 260, at *9–10 (Tenn.Ct.App. Mar. 25, 1992) (holding addition of adverse possession claim insufficient to distinguish later suit from prior suit involving same property); *Green v. Parrack*, 974 S.W.2d 200, 203 (Tex.Ct.App.1998) (holding prior judgment establishing ownership to strip of land precluded subsequent competing claims to same strip by same parties under different legal theories).

■ ¶ 12   Nevertheless, we need not definitively determine whether AEM has raised one claim or two because we readily conclude that AEM could and should have brought its adverse possession claim in the prior suit. Claim preclusion " 'reflects the expectation that parties who are given the capacity to present their "entire controversies" shall in fact do so.' " *Ringwood*, 786 P.2d at 1357 (quoting Restatement (Second) of Judgments § 24 cmt. a (1982)). If a party fails, purposely or negligently, to " 'make good his cause of action ... "by all proper means within his control, ... he will not afterward be permitted to deny the correctness of that determination, nor to relitigate the same matters between the same parties." ' " *Horner v. Whitta*, No. 13–93–33, 1994 WL 114881, at *2, 1994 Ohio App. LEXIS 1248, at *6–7 (Ohio Ct.App. Mar. 16, 1994) (citations omitted in original), *appeal denied*, 70 Ohio St.3d 1416, 637 N.E.2d 12 (1994).

¶ 13   In *Ringwood v. Foreign Auto Works, Inc.*, Ringwood filed two separate complaints against individuals to whom he had sold stock in Foreign Auto Works, Inc. *See* 786 P.2d at 1352–53. Ringwood's first suit was dismissed because it was based on a promissory note the trial court found had merged into a later agreement. *See id.* at 1357–58. Ringwood then brought suit for breach of the later agreement. *See id.* at 1353. This court reversed the trial court's ruling that Ringwood's second action was not barred by res judicata, concluding that any "claim by Ringwood under the November agreement could have been decided in the prior action, as the agreement was extant and was in default. The only reason it was not decided was because Ringwood failed to raise the claim.... Therefore, we find that res judicata bars Ringwood's claims[.]" *Id.*

¶ 14   AEM's situation is similar. When it filed its complaint in the prior action in 1990, it had possessed the parking lot parcel for the requisite seven years. *See* Utah Code Ann. § 78–12–12 (1996). Hence, its adverse possession claim was then ripe. AEM had a second chance to raise a claim of adverse possession when it amended its complaint in 1995, but did not. As in *Ringwood*, the only reason AEM's claim of adverse possession was not decided in the prior action is because AEM failed to raise it. And, as in *Ringwood*, the claim preclusion branch of res judicata bars AEM from doing so now. *See Wheadon v. Pearson*, 14 Utah 2d 45, 47, 376 P.2d 946, 947–48 (1962) ("Here, we have the same parties litigating the same subject matter—an asserted right of way over defendants' property.... [T]he issue or theory of implied easement, now urged in this second action, could have been urged and adjudicated in the first action."). *Accord Irving Pulp & Paper Ltd. v. Kelly*, 654 A.2d 416, 418 (Me.1995) (Adverse possession was "an issue that might have been tried in the 1951 action. Under the doctrine of res judicata, [appellee] and his privies are therefore precluded from having or claiming any right or title adverse to [appellant] for any period prior to November 1951."); *Bagley v. Moxley*, 407 Mass. 633, 555 N.E.2d 229, 232 (1990) ("[P]laintiffs were not entitled to pursue their claim of ownership through piecemeal litigation, offering one legal theory to the court while holding others in reserve for future litigation

should the first prove unsuccessful.").[3]

## B. The Prior Action Resulted In a Final Judgment on the Merits

¶ 15 Having determined that AEM could and should have raised its adverse possession claim in the prior action, we now consider AEM's argument that res judicata does not bar its current suit for title to the parking lot parcel by adverse possession because the prior action did not result in a final judgment on the merits.[4] We also reject this argument.

¶ 16 First, the trial court's Memorandum Decision unequivocally granted summary judgment to the defendants on AEM's claims of breach of the 1982 Separation Agreement. AEM's fifth claim for relief in its amended complaint alleged, at paragraph 44(g), that "[t]he Lins have breached the March 1982 Separation Agreement ... [b]y failing to deed certain properties to Plaintiffs as contemplated by the agreement." In an interrogatory, AEM was asked to "[p]rovide the legal description of all properties you reference in paragraph 44(g)." AEM responded: "The legal description of these properties will be produced in connection with the production of documents, but includes a one-foot strip along the boundary of the Draper property and a parcel of property associated with the Highland Terrace Apartments." The tri-

al court's Memorandum Decision, specifically incorporated into its Final Order, stated:

Defendants claim that they are entitled to dismissal of claim 5 (Breach of Separation Agreement) under a theory of accord, satisfaction, and release. They contend that any problems regarding the separation agreement were worked out by the parties when they signed a March 1, 1982 "Satisfaction of Debt." ... Defendants['] argument appears to be well taken. The release specifically disposed of claims arising from the Separation Agreement. Thus the Court concludes that the "Satisfaction of Debt" releases this claim and defendants' motion [for summary judgment] is granted as to this claim.

Summary judgment on the Separation Agreement claims constituted a judgment on the merits which became final upon entry of the Final Order.[5]

¶ 17 Moreover, AEM's claims for breach of the Separation Agreement were not among those claims voluntarily dismissed by stipulation, as AEM argues. The trial court's Final Order indicates specifically which claims were dismissed by stipulation. Claims relating to the Separation Agreement were not among them. Thus, dismissal of the breach of Separation Agreement claims was not a voluntary dismissal without prejudice. *See* Utah R. Civ. P. 41. The third requirement of claim preclusion, that the pri-

---

3. Many other courts have come to the same conclusion when a second action alleging adverse possession has been brought by the party who failed to prove its entitlement to real property in a prior action premised on some other theory. *See, e.g., West Mich. Park Ass'n v. Fogg,* 158 Mich.App. 160, 404 N.W.2d 644, 648 (1987) ("While it is true that the plaintiffs did not claim the property by adverse possession in [the prior action], that claim could have been made in [the prior action]. It is therefore barred[.]"), *appeal denied,* No. 80701 (Mich. Aug. 28, 1987); *Hangman v. Bruening,* 247 Neb. 769, 530 N.W.2d 247, 249 (1995) ("The theory of adverse possession could have been raised in the earlier quiet title litigation. All matters which could have been litigated in the earlier proceedings are barred by the doctrine of res judicata."); *Hyman,* 434 N.Y.S.2d at 745 ("At the time the first action for reformation was commenced, the cause of action for adverse possession was also viable and could also have been pleaded in the prior complaint and determined in the prior action.").

4. It is inarguable that a final judgment was entered in the prior action. AEM's contention in this appeal is really that that judgment did not encompass various claims in issue between the parties, including ownership of the parking lot parcel.

5. Because the trial court specifically addressed the breach of Separation Agreement claims and granted summary judgment thereon in favor of the defendants, those claims are not implicated by the trial court's statement in the Final Order that "[a]ll claims of the parties set forth in their pleadings not reduced to summary judgment herein or otherwise dealt with by this Order are hereby dismissed." We therefore have no occasion to consider AEM's argument that the trial court's language concerning these stray claims effected a dismissal without prejudice under Rule 41 of the Utah Rules of Civil Procedure.

or action must have resulted in a final judgment on the merits, is therefore met.

## CONCLUSION

¶ 18   AEM's claim of title to the parking lot parcel is barred under the claim preclusion branch of res judicata. AEM could and should have raised its adverse possession claim in the prior action alleging breach of the 1982 Separation Agreement. Further, the prior action resulted in a final judgment on the merits. Accordingly, the trial court correctly granted IID's motion for summary judgment on res judicata grounds.

¶ 19   Affirmed.

¶ 20   WE CONCUR: RUSSELL W. BENCH, Judge, and JAMES Z. DAVIS, Judge.