**2022 UT App 118**

## THE UTAH COURT OF APPEALS

SHIPEX LOGISTICS LLC,
Appellee,
*v.*
CHRIS BRADY AND CALL-O'NEILL CONTAINERS LLP,
Appellants.

Opinion
No. 20210137-CA
Filed October 14, 2022

Third District Court, Salt Lake Department
The Honorable Mark S. Kouris
No. 190907509

Jefferson W. Gross, S. Ian Hiatt, and J. Adam
Sorenson, Attorneys for Appellants

Troy L. Booher and Alexandra Mareschal, Attorneys
for Appellee

JUDGE DAVID N. MORTENSEN authored this Opinion, in which
JUDGE GREGORY K. ORME and JUSTICE JILL M. POHLMAN
concurred.[1]

MORTENSEN, Judge:

¶1      ShipEx Logistics LLC (ShipEx) failed to produce its
required disclosures, which resulted in ShipEx having no
available evidence to prove its claims. Consequently, the district
court granted Chris Brady and Call-O'Neill Containers LLP's
(collectively, O'Neill) motion for summary judgment. Thereafter,

---

1. Justice Jill M. Pohlman began her work on this case as a member
of the Utah Court of Appeals. She became a member of the Utah
Supreme Court thereafter and completed her work on the case
sitting by special assignment as authorized by law. *See generally*
Utah R. Jud. Admin. 3-108(4).

the district court determined that the resulting summary judgment should be entered *without prejudice*. O'Neill appeals, and we reverse and remand.

BACKGROUND

¶2 ShipEx filed a complaint in September 2019 alleging breach of contract, breach of the covenant of good faith and fair dealing, and breach of fiduciary duty with respect to Brady and tortious interference and conspiracy against O'Neill. Thereafter, ShipEx filed an amended complaint, which modified its factual allegations and added a claim for misappropriation of trade secrets against O'Neill. O'Neill filed an answer on April 10, 2020.

¶3 In July 2020, ShipEx emailed O'Neill proposing dates for depositions. O'Neill responded that it was still waiting for ShipEx's initial disclosures. There is no indication in the record that ShipEx thereafter served initial disclosures.

¶4 In October 2020, ShipEx "reached out" to O'Neill "to discuss some new [scheduling] deadlines in th[e] case." O'Neill responded that it had a pending motion for summary judgment, which it in fact did not file until three days later. In its motion for summary judgment, O'Neill argued that ShipEx "failed to make any disclosures before the end of fact discovery and can show neither good cause nor harmlessness," leaving ShipEx "without any witnesses, documents, or other evidence to use at trial." And because ShipEx had "no way to prove its case," O'Neill argued that ShipEx's "claims fail[ed] as a matter of law, and the amended complaint should be dismissed with prejudice."

¶5 ShipEx opposed the motion, asserting that fact discovery had not closed.[2] It did not deny that it had not served initial

---

2. We note that based on the date of O'Neill's answer (April 10, 2020), fact discovery would have closed on December 18, 2020,

(continued…)

disclosures but argued that the "unprecedented apocalyptic-like disruption of life on earth" brought on by the COVID-19 pandemic justified a new discovery timeline and counseled against dismissal. O'Neill responded by noting that the pandemic "did not provide an excuse for [ShipEx] to entirely abandon the case it chose to bring," that ShipEx had "shirked" its "duty to pursue litigation to the best of its ability," that ShipEx "still [had] not served any disclosures pursuant" to rule 26 of the Utah Rules of Civil Procedure, and that "the consequence of a failure to disclose [is] an inability to present evidence on a matter."

¶6     In late November 2020, the district court held a hearing on the summary judgment motion. The court noted that ShipEx had "waited from last April when the answer was filed until now to file [its] initial disclosures."[3] The court went on to observe that it was unsure how COVID-19 issues would have prevented ShipEx "from at least putting out [its] initial disclosures." The court further noted that ShipEx "even . . . got a little . . . push in the back to get this thing going when [it] called in July to ask to schedule some depositions" and O'Neill said that it did not "have initial disclosures yet." ShipEx's counsel responded that "other litigation" and "things going on" took the case "off [his] radar." He argued that the circumstances constituted "excusable neglect"

which fell after O'Neill moved for summary judgment. *See* Utah R. Civ. P. 26(a)(2)(B), (c)(5). The court had apparently used the date of ShipEx's first amended complaint (January 14, 2020) to calculate event due dates—yielding September 22, 2020, as the close of fact discovery—rather than the date of O'Neill's answer (April 10, 2020). Nevertheless, ShipEx's initial disclosures, which were never submitted, were due on April 24, 2020, even if the later date is used. *See id.* R. 26(a)(2)(A).

3. O'Neill's counsel indicated that he had received initial disclosures listing "a few names of potential witnesses . . . but . . . no disclosure of documents" on the morning of the summary judgment hearing.

and were the "foundation" of ShipEx's "motion to extend time and to reset the notice of event due dates."

¶7    The court—noting that it "really . . . hat[ed] to do this"—acknowledged that it did not "have a lot of options here" because "nothing that has not been presented up to now can be used in the trial, which effectively would alleviate all of the evidence with regard to" ShipEx. And "given the fact" that ShipEx had "no evidence," the court granted O'Neill's motion for summary judgment.

¶8    ShipEx's counsel then asked for clarification on whether the grant would be with or without prejudice. The court responded, "I'm not sure. . . . I don't know what the rules are there. So help me." Lacking an immediate answer to the inquiry, the court asked the parties to submit short supplemental briefs on the issue.

¶9    In January 2021, the court heard argument on whether the dismissal should be with or without prejudice. The court did not purport to revisit its determination that summary judgment should be granted. Instead, the court concluded "that this case was not dismissed based on the merits of the case," noting that it was uncertain if "we've reached the merits on anything" and that the case "was dismissed on the concept of failure to prosecute." The court also found that ShipEx had shown "good cause" and that O'Neill "was unharmed" by the failure to disclose. Thus, the court dismissed the case "without prejudice." In the order granting O'Neill's motion for summary judgment, the court stated,

> The case was filed by [ShipEx] but due to failure to prosecute the case will be dismissed. However, the matter cannot be dismissed based on the merits of the case because no merits were ever reached or determined. Further, the court is not persuaded to dismiss the matter with prejudice because [ShipEx] has demonstrated good cause and harmlessness.

> The court hereby . . . grants [O'Neill's] motion for
> summary judgment and dismisses [ShipEx's] claims
> without prejudice.

(Cleaned up.) O'Neill appeals.

## ISSUE AND STANDARD OF REVIEW

¶10     The sole issue on appeal is whether the district court erred in dismissing ShipEx's claims without prejudice on a grant of summary judgment. "We review the district court's decision on summary judgment *de novo*." *Potter v. South Salt Lake City*, 2018 UT 21, ¶ 16, 422 P.3d 803; *see also Stafford v. Sandy Paydirt LLC*, 2022 UT App 76, ¶ 7, 514 P.3d 157 ("The appellate court reviews a summary judgment for correctness, giving no deference to the trial court's decision." (cleaned up)).

## ANALYSIS

¶11     It is well established, and conceded by ShipEx on appeal, that a grant of summary judgment is always with prejudice. In response to one plaintiff's argument that "even if the trial court correctly granted [a defendant's] motion for summary judgment, the court should have dismissed the case without prejudice" to enable the plaintiff "to refile his complaint," we have stated that "[t]he granting of a motion for summary judgment in favor of a defendant dismisses the plaintiff's complaint with prejudice." *McNair v. Farris*, 944 P.2d 392, 396 (Utah Ct. App. 1997); *see also Rivera v. PNS Stores, Inc.*, 647 F.3d 188, 191 (5th Cir. 2011) ("[A] grant of summary judgment necessarily results in a dismissal with prejudice."); *id.* at 194 ("[N]o chain of legal reasoning could possibly lead a court to conclude that summary judgment should be granted without prejudice. Indeed, the very concept of granting summary judgment without prejudice is internally incoherent."); *Quintero v. Klaveness Ship Lines*, 914 F.2d 717, 722

(5th Cir. 1990) ("[S]ummary judgment is necessarily granted with prejudice.").

¶12    Thus, it is clear that the district court erred in granting summary judgment without prejudice. Put simply, the court attempted to do something that was not possible; by its nature, summary judgment is always with prejudice.

¶13    Moreover, granting the motion for summary judgment for failure to provide any proof entitled O'Neill to judgment as a matter of law, which was—contrary to the language used by the district court—an adjudication on the merits. "To successfully defend against a motion for summary judgment, the nonmoving party must set forth facts sufficient to establish the existence of an element essential to that party's case. Failure to do so with regard to any of the essential elements of that party's claim will result in a conclusion that the moving party is entitled to a judgment as a matter of law." *Anderson Dev. Co. v. Tobias*, 2005 UT 36, ¶ 23, 116 P.3d 323 (cleaned up). And it is widely recognized that a grant of summary judgment is inherently an adjudication on the merits. *See American Estate Mgmt. Corp. v. International Inv. & Dev. Corp.*, 1999 UT App 232, ¶ 16, 986 P.2d 765 ("Summary judgment on the . . . claims constituted a judgment on the merits . . . ."); *Ostler v. Retirement Board*, 2017 UT App 96, ¶ 28, 400 P.3d 1099 ("A summary judgment that disposes of all of the claims amounts to a final judgment on the merits."); *Scholzen Prod. Co. v. Palmer*, 2000 UT App 191U, para. 6 (stating that a "suit resulted in a final judgment on the merits when the trial court granted the [defendants'] motion for summary judgment").

¶14    Thus, it is equally clear that the district court erred in concluding that the grant of summary judgment was not "on the merits of the case." Again, in granting summary judgment, courts do not have the discretion to make this call.

¶15    ShipEx attempts to dodge these two obvious problems with the district court's characterization of its summary judgment ruling by arguing that the court really granted something other

than summary judgment. In ShipEx's view, the question is not whether the court correctly granted summary judgment without prejudice. Rather, ShipEx—focusing on the substance of the dismissal—asserts that the court actually dismissed the case under rule 41(b) for failure to prosecute. *See* Utah R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or any court order, a defendant may move to dismiss the action or any claim against it."). We disagree.

¶16   A major obstacle for ShipEx's argument is that O'Neill never filed a motion to dismiss ShipEx's claims under rule 41(b)—either in title or substance. Instead, O'Neill's motion was clearly titled as a motion for summary judgment. And O'Neill substantively argued, "[ShipEx's] failure to disclose any evidence [left ShipEx] without any evidence it [could] use to prove its case at trial, resulting in [ShipEx's] complete inability to survive a motion for summary judgment. Therefore, [ShipEx's] claims should be dismissed with prejudice."

¶17   Still, ShipEx suggests that the district court invoked rule 41(b) sua sponte. Alternatively, ShipEx asserts that "the court could have converted O'Neill's motion for summary judgment into a motion to dismiss under rule 41(b)."

¶18   The problem with ShipEx's reasoning is that there simply isn't enough in the court's order to construe it as anything other than what it purports to be—namely, a grant of summary judgment. In fact, the final sentence of the court's order reaffirmed that it was "grant[ing] [O'Neill's] motion for summary judgment," even as it purported to do so without prejudice. (Cleaned up.)

¶19   The procedural posture of the court's decision to grant summary judgment without prejudice further supports this interpretation. The court had already granted summary judgment, and there is nothing in the record to show that it ever undid that order or clarified that it was dismissing the case under rule 41(b).

¶20    Rather, the court asked a narrow question of the parties and was advised—via supplemental briefing—on whether the court could grant summary judgment without prejudice. As the court asked, "The question now is it's been dismissed. For what terms will it be dismissed?" ShipEx wrongly advised the court that—under rule 41(b)—it was within the court's discretion to grant summary judgment without prejudice; ShipEx then compounded its error by pointing to rule 41(b) for factors to be considered in exercising that discretion. Although the court considered those factors at ShipEx's invitation, it did so in a mistaken effort to determine whether granting summary judgment without prejudice was warranted. Its analysis did not suggest that the court intended to revoke its summary judgment ruling and grant, sua sponte, dismissal under rule 41(b). ShipEx was simply wrong to assert that the court could grant summary judgment without prejudice based on an application of the factors in rule 41(b), and it led the court to adopt this error.

## CONCLUSION

¶21    Because summary judgment is by nature an adjudication on the merits and with prejudice, the district court erred in characterizing it otherwise. Moreover, there is nothing in the record to support the assertion that the district court did anything other than grant a motion for summary judgment. We reverse and remand to the district court to modify its order to correctly reflect the law.

—————